# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH TYLER TATE** | **CIVIL ACTION NO. 3:22-cv-00435** |
| **VS.** | **JUDGE** |
| **BW OFFSHORE USA MANAGEMENT INC** | **MAGISTRATE** |
| | **JURY DEMAND** |

## COMPLAINT

Joseph Tyler Tate, a person of the full age of majority, citizen of the United States of America, and Jones Act seaman, hereby asserts claims under the Jones Act and the General Maritime Law as follows:

**I.      Parties and Jurisdiction**

1.

Made Defendant herein is BW Offshore USA Management Inc (hereinafter "BW Offshore"), believed to be a Texas Corporation, which may be served through its registered agent for service of process in Louisiana, <u>C T Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816</u>.

2.

BW Offshore is believed to have been the owner, operator, bareboat charterer, and/or manager of the offshore support vessel, BW PIONEER, on which the subject of this Complaint occurred, and its personnel and the employer of Joseph Tyler Tate at all relevant times.

3.

This Honorable Court has jurisdiction over the subject matter of this action pursuant to 46 U.S.C. § 30104 (Jones Act) and 28 U.S.C. § 1333 (admiralty).

4.

BW Offshore was doing business within the State of Louisiana and particularly within the jurisdiction of this Honorable Court (i.e., the Middle District of Louisiana) at all relevant times. Accordingly, this Court has personal jurisdiction over BW Offshore and is a proper venue for this litigation.

II.     **Background**

5.

At all relevant times, Joseph Tyler Tate was working for his employer, BW Offshore, as a member of the crew of BW PIONEER, which is depicted in Image 1, below.



**Image 1:** The offshore support vessel, BW PIONEER

6.

At all relevant times, BW PIONEER was a "vessel in navigation" operating in the Gulf of Mexico off the coast of the United States of America.

7.

All work performed by Joseph Tyler Tate as a member of BW PIONEER's crew was in furtherance of BW PIONEER's mission.

### III.     The Incident and Injuries

8.

On or about July 26, 2020, Joseph Tyler Tate and other members of BW PIONEER's crew were ordered and assigned to unload provisions from a supply boat onto BW PIONEER.

9.

The procedures in place for these unloading operations on BW PIONEER required Joseph Tyler Tate to maneuver a dolly up over a ramp with an elevated lip.

10.

To maneuver the dolly over the lip, Joseph Tyler Tate was required to lift and maneuver the dolly, together with its load, in a manner which exceeded safe lifting limits and violated safe work practices.

11.

The procedures in place for these unloading operations on BW PINOEER also required Joseph Tyler Tate to lift and maneuver heavy items off of the dolly and through a doorway which greatly exceeded safe lifting limits and violated safe work practices.

12.

While complying with his orders in the performance of these operations on or about July 26, 2020, Joseph Tyler Tate sustained injuries to his lower back which required, and continue to require, medical treatment, including but not limited to lumbar surgery.

**IV.     Claims**

13.

Joseph Tyler Tate brings claims against BW Offshore pursuant to the Jones Act and the General Maritime Law of the United States in connection with the aforementioned incident and injuries.

14.

Under the applicable law, BW Offshore is vicariously liable for the conduct, negligence, and/or fault of its employees and crewmembers of the BW PIONEER.

15.

Under the Jones Act, BW Offshore had a duty to provide Joseph Tyler Tate with a reasonably safe place to work. The incident and Mr. Tate's injuries were caused by the negligence and/or fault of BW Offshore by breaching that duty in the following non-exclusive ways:

A. Failing to properly remedy one or more unreasonably dangerous conditions of or about BW PIONEER;

B. Designing, creating, and/or permitting the existence of one or more unreasonably dangerous conditions of or about BW PIONEER;

C. Provision of improper and unsafe orders by supervisory personnel in charge of BW PIONEER and/or its crew;

D. Failing to comply with applicable laws, regulations, and/or standards pertaining to the safety of personnel aboard vessels like BW PIONEER, including but not limited to USCG, SEMS, OSHA, SOLAS, and similar regulations applicable to BW PIONEER, which renders BW Offshore negligent *per se*;

    E.  Requiring workers to engage in activities which it knew or should have known violated internal and industry standards and which amounted to unsafe work practices;

    F.  Subjecting crew members to known hazards despite reasonably alternative methods and procedures being known and available;

    G.  Failing to provide crew members with proper or adequate equipment to safely perform the required/assigned tasks; and

    H.  Any and all other acts of negligence and/or fault established through discovery and/or shown at the trial of this matter.

16.

Under the General Maritime Law, BW Offshore had an absolute, non-delegable duty to furnish Plaintiff with a seaworthy vessel and crew, and it is strictly liable to Joseph Tyler Tate for breaching that duty in the following non-exclusive ways:

    A.  Failing to provide a vessel and crew reasonable fit and safe for their intended use;

    B.  Failing to properly remedy one or more unreasonably dangerous conditions of or about BW PIONEER;

    C.  Designing, creating, and/or permitting the existence of one or more unseaworthy conditions of or about BW PIONEER;

    D.  Failing to have proper or adequate equipment to safely perform the required/assigned tasks;

    E.  Entrusting BW PIONEER to an incompetent or ill-trained crew; and

    F. Any and all other conditions or characteristics of BW PIONEER which rendered it not reasonable safe or fit for its intended use that are established through discovery and/or shown at the trial of this matter.

17.

On account of the injuries suffered by Joseph Tyler Tate while working in the service of BW PIONEER, BW Offshore has an absolute and nondelegable duty to provide Joseph Tyler Tate with maintenance and cure benefits. To the extent BW Offshore has breached or does breach that duty, it is liable to Joseph Tyler Tate under the General Maritime Law for that breach.

    V. **Damages, Remedies, and Entitlements**

18.

As a result of the injuries he sustained in the incident described herein, Joseph Tyler Tate is entitled to recover the following damages:

    A. Past and future physical pain and suffering;

    B. Past and future mental pain and suffering;

    C. Past and future loss of enjoyment of life;

    D. Past and future disability and disfigurement;

    E. Past and future loss of wages, loss of earning capacity, and loss of fringe benefits;

    F. Past and future medical and pharmaceutical expenses and needs;

    G. Past and future loss of found; and

    H. Any and all other general and special damages recoverable under the law applicable to his claims.

19.

To the extent BW Offshore has breached or does breach its absolute and nondelegable duty to provide Joseph Tyler Tate with maintenance and cure, Joseph Tyler Tate is entitled to compensatory damages caused by that breach, as well as punitive damages and attorneys' fees to the extent the breach is willful, wanton, arbitrary, capricious, and/or without probable cause.

20.

As an American seaman, Joseph Tyler Tate is entitled to proceed in this litigation without prepaying fees and costs or furnishing security therefor in accordance with 28 U.S.C. § 1916.

21.

Joseph Tyler Tate is entitled to a jury under the Jones Act and hereby requests a jury in accordance therewith, reserving his right to proceed in admiralty without a jury at a later date if he so elects.

22.

Joseph Tyler Tate is entitled to prejudgment and/or post-judgment interest on all damages from the date(s) and at the rate(s) appropriate under the law until paid.

23.

In conjunction with these proceedings, Joseph Tyler Tate is entitled to recover all court and litigation costs associated with this matter to the extent allowed by law.

## VI.    Prayer

WHEREFORE, Joseph Tyler Tate prays that defendant, BW Offshore USA Management Inc, be cited and summoned to appear and answer this Complaint in the legal delays allowed by law, that after trial there be judgment in his favor and against defendant pursuant to the Jones Act and the General Maritime Law in the full and true sum of an amount and type of damages

reasonable in the premises, plus prejudgment and postjudgment interest thereon until paid, all costs of these proceedings, and all other just and equitable relief that is proper under the law.

Respectfully submitted,

 /s/ Andrew J. Quackenbos
Andrew J. Quackenbos (Bar No. 31924) (Lead Attorney)
Remy A.M. Jardell (Bar No. 30566)
DOMENGEAUX WRIGHT ROY & EDWARDS LLC
556 Jefferson Street, Suite 500
Lafayette, LA 70502
Telephone: (337)233-3033
andrewq@wrightroy.com
remyj@wrightroy.com